# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CORDERO DE ANDA, | CASE NO. 1:07-cv-1895 AWI DLB PC |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST FOR SUBPOENA DUCES TECUM |
| J. RAPOZO, et al., | (Doc. 20). |
| Defendants. | |

Plaintiff Juan Cordero De Anda ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Correctional Officers J. Rapozo and J. Sanchez ("Officer Defendants") and Twin Cities Hospital ("Hospital Defendant"). In his complaint, Plaintiff alleges that defendants were deliberately indifferent to Plaintiff's medical needs regarding the transportation of Plaintiff back to Coalinga State Hospital on November 2, 2007 following surgery at Twin Cities Hospital. (Doc. 1, Complaint).

On March 10, 2009, Plaintiff filed a request for a subpoena duces tecum, commanding the production of 1) a true and correct copy of the log book bearing defendant's signature on Friday November 2, 2007; and 2) a "true and correct unredacted copy of the purported contract between the California Department of Corrections and Rehabilitation ("CDCR") and the Department of Mental Health ("DMH") or Coalinga State Hospital ("CSH") illegally and unconstitutionally authorizing

surrender of Plaintiff's custody from DMH or CSH to CDCR". (Doc. 20).

**1.     Log Book**

Plaintiff requests a copy of the log book to confirm that defendant Sanchez was working on the day of the events giving rise to this action.   Plaintiff states that the subpoena would be served on the litigation coordinator at CSH.

Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that Plaintiff is proceeding in forma pauperis.  Plaintiff must describe the documents he is seeking and must specify from whom he is seeking the documents, which Plaintiff has done.

Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.  In this case, it appears that the request for the log book as described by Plaintiff is relevant and may be in the possession, custody or control of the Officer Defendants.  The discovery phase of this action does not close until November 23, 2009.  If Plaintiff is unable to obtain a copy of the log book from defendants through discovery, Plaintiff may re-file his motion for a subpoena duces tecum with the Court.   Plaintiff's request for the log book is denied without prejudice to re-filing.

**2.     Contract between CDCR and CSH/DMH**

Plaintiff requests production of the contract between CDCR and CSH/DMH applicable to the transfer of Plaintiff's custody, because it is "a violation of California law and the Federal and State Constitutions to place a non-prisoner such as Plaintiff into the custody of prison guards". (Doc. 20, Motion, pp.2:4-5).

While Plaintiff is entitled to seek the production of documents from non-parties such as the litigation coordinator at CSH, the production sought must fall within the scope of proper discovery under Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence". Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45 December 1991 advisory committee's note ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34"); 9 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶45.03 (3rd ed. 2009).

This action is proceeding against all defendants for deliberate indifference to Plaintiff's medical needs resulting from his transportation after surgery back to CSH. Specifically, Plaintiff alleges that the Officer Defendants drove recklessly and negligently when transporting Plaintiff, and that the Hospital Defendant acted negligently in allowing the Officer Defendants to take custody of Plaintiff, and in failing to provide Plaintiff with transportation by ambulance. (Doc. 1, Complaint, ¶¶16, 17, 21, 26). It is not clear that the contract between CSH/DMH and CDCR is relevant to a deliberate indifference claim or defense, or is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's request for a subpoena duces tecum commanding the production of the contractual agreement is denied.

IT IS SO ORDERED.

**Dated:** **April 15, 2009**  **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE