UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CORDERO DE ANDA, | CASE NO. 1:07-cv-1895 AWI DLB PC |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO QUASH |
| J. RAPOZO, et al., | (Doc. 14). |
| Defendants. | |

**I.   Background**

Plaintiff Juan Cordero De Anda ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Correctional Officers J. Rapozo and J. Sanchez ("Officer Defendants") and Twin Cities Hospital ("Hospital Defendant"). On February 9, 2009, Plaintiff filed a motion to quash two subpoenas duces tecum issued by counsel for Officer Defendants. (Doc. 14). Officer Defendants filed an opposition on February 23, 2009 and Plaintiff filed a reply on March 4, 2009. (Docs. 15, 19). The motion is deemed submitted.

**II.   Motion to Quash**

On January 28, 2009, counsel for Officer Defendants issued two subpoenas, one upon Central Financial Control, Billing Office for Twin Cities Community Hospital, and the second upon Twin Cities

Community Hospital, commanding the production of: "[a]ny and all records including, but not limited to ophthalmology records, medical records, billing records, specifically all records ranging from September 2007 to the present and pertaining to Patient: Juan Cordero aka Juan Cordero De Anda...C.D.C.R.#: E-02913". (Doc. 14, Exhs 2, 3).

Plaintiff moves to quash the subpoenas on the following grounds: 1) the subpoenas are defective because they purport to be issued from the Western District of California; 2) Plaintiff lacks possession of the documents requested; 3) the subpoena is overbroad in that they request ophthalmology records; and 4) Plaintiff is no longer a prisoner and objects to the references made to his former C.D.C.R. number.

In opposition, Officer Defendants argue that the motion should be denied as moot because counsel will issue new subpoenas correcting the district from which the subpoenas are issued and deleting the reference to "ophthalmology records". Officer Defendants further assert that the remaining arguments raised by Plaintiff are irrelevant.

In reply, Plaintiff argues that until the subpoenas are presumed valid until they are invalidated by the Court, and therefore must be quashed.

A subpoena must state the court from which it was issued. Fed. R. Civ. Pro 45(A)(i). As there is no Western District of California, the subpoenas are facially invalid and unenforceable. Plaintiff's motion to quash is HEREBY ORDERED GRANTED. The Court does not address the further arguments raised.

IT IS SO ORDERED.

Dated: **April 15, 2009**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE