# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CORDERO DE ANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RAPOZO, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-CV-01895-DLB PC<br><br>ORDER GRANTING DEFENDANTS TWIN CITIES HOSPITAL, RAPOZO, AND SANCHEZ'S MOTIONS FOR SUMMARY JUDGMENT (DOCS. 33, 38, 44)<br><br>CLERK OF COURT DIRECTED TO ENTER JUDGMENT |

**Order**

**I.    Background**

Plaintiff Juan Cordero De Anda ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health ("DMH"). Plaintiff is detained pursuant to the Sexually Violent Predator Act ("SVPA"). Cal. Welf. & Inst. Code § 6600. This action is proceeding on Plaintiff's complaint, filed December 28, 2007 against Defendants J. Rapozo, J. Sanchez, and Twin Cities Hospital for deliberate indifference to a serious medical need in violation of the Due Process Clause of the Fourteenth Amendment. On September 3, 2009, Defendant Sanchez filed a motion for summary judgment. (Def. Sanchez Mot. Summ. J., Doc. 33.) On November 19, 2009, Defendant Twin Cities Hospital filed a separate motion for summary judgment. (Def. Twin Cities Hospital Mot. Summ. J., Doc. 38.) On January 6, 2010, Defendant Rapozo filed a separate motion for summary judgment. (Def. Rapozo Mot. Summ. J., Doc. 44.) Despite receiving a Court order to respond, Plaintiff failed to file an opposition to any of these motions. Pursuant to Local Rule 230(l), Plaintiff waives his right to file an opposition and the motions are deemed submitted.

## II. Motion For Summary Judgment Legal Standard[1]

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a Summary Judgment Motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must

---

[1] Though it was not obligated to do so, *Jacobsen v. Filler*, 79 F.2d 1362, 1364-67 (9th Cir. 1986), the Court nonetheless provided Plaintiff with notice of the requirements for opposing a motion for summary judgment by the Court in the Second Informational Order filed December 4, 2008. *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting advisory committee's note on 1963 amendments to Fed. R. Civ. P. 56(e)).

In resolving a motion for summary judgment, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

**III.    Defendant J. Sanchez's Motion**

    **A.    Undisputed Facts**

Plaintiff is detained under civil process at Coalinga State Hospital (CSH) in Coalinga,

3

California. Defendant J.Sanchez was an employee of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison (PVSP) from March 2006 to April 17, 2007. Defendant Sanchez never worked inside CSH while he was employed by CDCR. He did, however, occasionally work at CSH's front security gate. On occasion, Defendant Sanchez drove the CDCR car that followed ambulance when PVSP inmates went to the hospital. The inmates were never in the vehicle with Defendant Sanchez. Defendant Sanchez never provided transportation for individuals housed at CSH. Since April 17, 2007, Defendant Sanchez has not worked for CDCR and has not worked at PVSP or CSH. On November 2, 2007, Plaintiff underwent surgery at Twin Cities Hospital in Templeton, California. After surgery, Plaintiff was transported back to CSH. Sanchez did not provide Plaintiff transportation between Twin Cities Hospital or CSH on November 2, 2007 or any other occasion.

**B.    Analysis**

Civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," and are thus entitled to protection under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). Plaintiff's right to be protected and confined in a safe institution are clearly established. *See Youngberg*, 457 U.S. at 319-22 (finding that involuntarily committed individuals have constitutionally protected rights under Due Process Clause to reasonably safe conditions of confinement and freedom from unreasonable bodily restraint). Due process requires that civil detainees receive care that is professionally acceptable. *Id.* at 321. "Liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323.

Based on the undisputed facts, there is no triable issue of material fact as to Defendant Sanchez. Under § 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Defendant Sanchez

4

was not involved in any way with Plaintiff's transportation on November 2, 2007, the day at issue in this action. Thus, Defendant Sanchez could not have violated Plaintiff's constitutional rights. Accordingly, the Court grants summary judgment in favor Defendant Sanchez. As Defendant Sanchez was not involved in Plaintiff's transport, the Court declines to address Defendant's arguments regarding the Eighth Amendment.

## IV.     **Defendant Twin Cities Hospital Motion**

### A.     **Undisputed Facts**

Plaintiff is a pretrial civil detainee detained under civil process at CSH.[2] On November 2, 2007, Plaintiff was transported by two prison guards employed by CDCR, Defendant J. Rapozo and another officer, from CSH to Twin Cities Hospital for an outpatient procedure consisting of a proctoscopy and hemorrhoidectomy.[3] Plaintiff was admitted to Twin Cities Hospital at approximately 7:40 a.m. Dr. John Henry performed the outpatient procedure without complications, and Plaintiff was taken to the recovery room in good condition at approximately 12:25 p.m. At 1:15, the patient (Plaintiff) denied pain or nausea, and was able to stand at bedside with assistance at approximately 2:00 p.m. At approximately 3:50 p.m., Plaintiff was discharged to the custody of the two prison guards. In the opinion of John Henry, M.D., as a board certified proctologist with substantial experience in the field of surgery, his actions did not fall below the standard of care in any respect. He performed the outpatient procedure to the standard of care and ordered appropriate medications for the Plaintiff. In Dr. Henry's opinion, the Plaintiff was appropriately discharged at 3:50 p.m. following his outpatient surgery. In Dr. Henry's opinion, the standard of care did not require that he remain the hospital following his outpatient procedure for any additional length of time. It is Dr. Henry's opinion that the standard of care did not require that the Plaintiff be transported back to CSH by ambulance. Transportation by

---

[2] Defendant Twin Cities categorized CSH as a facility of the CDCR. Defendant is incorrect. CSH is a facility of the DMH.

[3] On November 24, 2009, Defendants Rapozo and Sanchez filed a statement of non-opposition to Defendant Twin Cities Hospital's motion for summary judgment. (ECF No. 43.) However, Defendants Rapozo and Sanchez disputed Defendant Twin Cities Hospital naming Defendant Sanchez as one of the correctional officers who transported Plaintiff. Defendant Twin Cities Hospital did not object to this dispute. Accordingly, Defendant Twin Cities Hospital's undisputed facts are amended.

ambulance following an outpatient procedure was neither necessary nor indicated.  The standard of care did not require either Dr. Henry or the hospital to arrange for Plaintiff's transportation back to CSH, as that duty lies with CSH.  Neither Defendant Twin Cities Hospital nor Dr. Henry had any control over how or in what manner the Plaintiff was transported back to CSH.[4]

**B.    Analysis**

Defendant Twin Cities Hospital presents evidence that Plaintiff was discharged approximately three-and-a-half hours after the procedure.  Defendant contends that Plaintiff's discharge was acceptable under the medical standard of care.  Defendant further contends that it had no responsibility in transporting Plaintiff to CSH.  Defendants rely on Dr. Henry's affidavit in support of their motion.  (Def. Twin Cities Hospital Mot. Summ. J., John Henry Decl.)

Based on the undisputed facts, there is no triable issue of material fact as to Defendant Twin Cities Hospital for a Fourteenth Amendment violation.  Dr. Henry performed an outpatient procedure on Plaintiff, concluding the procedure at 12:20 p.m.   Plaintiff was taken to the recovery room at 12:25 p.m.  Plaintiff was able to stand with assistance by 2:00 p.m.  Plaintiff departed the hospital at 3:50 p.m.  Dr. Henry was of the opinion that Plaintiff did not require transport back to CSH via ambulance.  The Court does not find Dr. Henry's actions to be "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323.  There is no evidence to suggest that Plaintiff's release from the hospital was a substantial departure from accepted professional judgment.

There is also no triable issue of material fact as to an Eighth Amendment violation.  *See Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (Due Process Clause imposes, at minimum, the same duty for medical care as the Eighth Amendment).  For an Eighth Amendment violation to occur, the deprivation must be objectively, sufficiently serious, and the prison official must, subjectively, act with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The subjective prong requires that prison officials knew of and disregard the

---

[4] Defendant fails to present evidence that Dr. Henry is an expert.  Fed. R. Evid. 702.  The Court will only rely upon Dr. Henry's affidavit as that of a person with personal knowledge of these matters.

1  risk. *Id.* at 837.  Mere negligence is insufficient to state a claim.  *Estelle v. Gamble*, 429 U.S. 97,
2  106 (1976).  Here, there is no evidence that Dr. Henry knew of and disregarded a serious risk to
3  Plaintiff's health by releasing Plaintiff for transport.  Thus, there is no Eighth Amendment
4  violation.  Accordingly, the Court grants summary judgment in favor of Defendant Twin Cities
5  Hospital.

## V. **Defendant J. Rapozo's Motion**

### A. **Undisputed Facts**

Plaintiff is detained under civil process at CSH in Coalinga, California.  On the morning of November 2, 2007, Defendant Rapozo and another correctional officer transported Plaintiff from CSH to Twin Cities Hospital.  At Twin Cities Hospital, Dr. Henry performed a proctoscopy and hemorrhoidectomy on Plaintiff.  At approximately 3:50 p.m., the hospital staff discharged Plaintiff for transport back to CSH.  Upon discharge, Defendant Rapozo and another officer transported Plaintiff from Twin Cities Hospital to CSH.  Either Defendant Rapozo or the other officer drove the vehicle for the transport.  The drive time to CSH took less than two hours, arriving at CSH at about 5:50 p.m.  On November 7, 2007, Dr. Henry performed a post-operative consultation.  From November 9-14, 2007, Plaintiff was non-surgically treated at Community Regional Medical Center for rectal bleeding.  During the November 2, 2007 transport from Twin Cities Hospital to CSH, Plaintiff did not make any complaints.  During the November 2, 2007 transport from Twin Cities Hospital to CSH, Rapozo did not see any blood coming from Plaintiff.  Upon knowledge of a medical concern during the transport, Defendant Rapozo's custom and practice was to respond.  Defendant Rapozo never intended to cause Plaintiff harm or discomfort by the transport.  In Defendant Rapozo's judgment, the transport went without incident.  Defendant Rapozo never drove the vehicle recklessly while transporting a CSH patient.

### B. **Analysis**

Based on the undisputed facts, there is no triable issue of material fact as to Defendant J. Rapozo regarding a Fourteenth Amendment violation.  It is Defendant's practice and custom to respond to any medical issues during transport.  However, Defendant Rapozo was unaware of any issues, and Plaintiff made no complaints during the transport.  There is no evidence to

suggest that Defendant Rapozo's actions were "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323.

Defendant's actions also did not violate the Eighth Amendment's deliberate indifference standard. *See Gibson*, 290 F.3d at 1187. For an Eighth Amendment violation to occur, the deprivation must be objectively, sufficiently serious, and the prison official must, subjectively, act with deliberate indifference. *Farmer*, 511 U.S. at 834. The subjective prong requires that prison officials must knew of and disregard the risk. *Id.* at 837. Mere negligence is insufficient to state a claim. *Estelle*, 429 U.S. at 106. Here, there is no evidence that Defendant Rapozo knew of and disregarded a serious risk to Plaintiff's health during the transport. Thus, there is no Eighth Amendment violation.

Accordingly, the Court grants summary judgment in favor of Defendant Rapozo. The Court declines to address Defendant's arguments regarding qualified immunity.

## VI.   Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Sanchez's motion for summary judgment, filed September 3, 2009, is GRANTED and judgment is entered in favor of Defendant Sanchez;

2. Defendant Twin Cities Hospital's motion for summary judgment, filed November 19, 2009, is GRANTED and judgment is entered in favor of Defendant Twin Cities Hospital;

3. Defendant Rapozo's motion for summary judgment, filed January 6, 2010, is GRANTED and judgment is entered in favor of Defendant Rapozo; and

4. The Clerk of Court is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

Dated:   **September 1, 2010**          /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE